234:39 LRA

VAUGHN v. McFADYEN.

1. APPEAL—CROSS REPLEVIN—QUESTIONS NOT RAISED BELOW.
   An objection that a replevin suit is a cross replevin, and unauthorized, cannot be taken on appeal, where the question was not raised below, by plea in abatement or otherwise.

2. CONDITIONAL SALE—DEFAULT—TENDER—RIGHT OF POSSESSION.
   Under a contract for the sale of personal property providing that the title should remain in the seller until payment in full, and that, on default in payment of any of the purchase-money notes, all should become due, and the seller could retake the property, in which case all prior payments should be forfeited, the purchaser becomes entitled to the property on tendering the entire amount remaining due before the seller has actually taken possession, although the latter, on default in payment of one of the notes, has sued out a writ of replevin.

Error to Ogemaw; Sharpe, J. Submitted June 12, 1896. Decided July 21, 1896.

Replevin by Mollie E. Vaughn and another against Hugh McFadyen for a steam boiler and fixtures. From a judgment for plaintiffs, defendant brings error. Affirmed.

F. L. Snodgrass, for appellant.

H. H. Woodruff, for appellees.

MONTGOMERY, J. Plaintiffs are copartners, doing business under the name of the Vaughn Manufacturing Company, and are represented in the business by W. W. Vaughn, as agent or manager. On the 11th of October, 1894, the Vaughn Manufacturing Company purchased of one Robert C. Bialy a 30-horse-power boiler, with fixtures, smokestack, etc., for the consideration of $250, $50 of which was paid down, and the balance represented by

four promissory notes, due at different dates, and each containing the following condition:

"It is expressly agreed that the title and ownership of all said property shall remain in Robert C. Bialy until the full purchase price is paid, and, in case of any default in payment of this or any or either of said notes, all said notes shall,. at the option of Robert C. Bialy, notice of which is hereby waived, become and be at once due and payable, and said property *may be taken back* by said Robert C. Bialy, and *in such case* all payments made and amounts collected on this or any of said notes shall be deemed to be payments for the use, wear, and tear of the said property, up to the retaking thereof."

There was a further condition that bringing of suit should not waive the right to retake the property. All the notes in question were paid, except one. The Vaughn Manufacturing Company also owed Bialy on two other unsecured notes of $49 each. The three notes were sent to an attorney at West Branch for collection, and payment demanded. Mr. Vaughn insisted that the boiler was not as represented, and asked the attorney to write Mr. Bialy, and ascertain if he would not remedy the defect. The attorney accordingly did so, but Mr. Bialy refused to do anything in that regard, and the attorney then demanded possession of the property, which was refused. A suit in replevin was commenced on the 10th of August, 1895; that is to say, an affidavit for replevin was made, and a writ sued out. This writ ran, not against the plaintiffs, but against William W. Vaughn. Before the writ was served, and on the 16th of August, Mr. Vaughn, on behalf of the plaintiffs, tendered $54, the full amount due on the contract, and demanded possession of the note. Possession was refused by Mr. Bialy's attorney, Mr. Snodgrass, to whom the tender was made, he claiming that Mr. Bialy was then entitled to the property under the terms of the contract note. Subsequently, on the 17th of August, the sheriff executed the writ of replevin, by taking the property into his custody, and the plaintiffs brought replevin against

the sheriff.    Plaintiffs recovered the property in the action, and judgment was awarded in favor of the defendant for the amount of the note and interest.    Defendant brings error.

It is suggested, at the close of defendant's brief, that this is a cross replevin, such as is not authorized.    There was no such question raised in the court below, by plea in abatement or otherwise, and it cannot now be considered.

Substantially the only question in the case is whether Mr. Snodgrass was right in refusing the tender.    It is to be borne in mind that when the tender was made possession of the property had not been taken under the clause of the note authorizing Bialy to do so, and, under the strict reading of the condition, the forfeiture of payments, if enforced literally, was only to occur when the property had been taken back by Bialy.    We think it is clear that a payment made at any time before possession was actually taken would have vested the title in the Vaughn Manufacturing Company, and that a tender of such payment would work the same result.    The ground of refusing the tender was distinctly that the payee insisted upon this right of forfeiture.    There was no suggestion that any costs had been incurred, or that a suit had been instituted; nor do the findings show that plaintiffs were aware that such suit had been brought at the time. It is quite evident that the real purpose was to get possession of this property to enforce payment of the unsecured, as well as the secured, notes.

We think no error was committed to the prejudice of the defendant, and the judgment will be affirmed.

The other Justices concurred.