[Civ. No. 2516. Third Appellate District.—October 26, 1922.]

J. D. SILVERTHORNE, Appellant, v. G. SIMON et al., Respondents.

[1] SALES—LEASE CONTRACT—IMPLIED WARRANTY.—An "automobile lease," or conditional sale contract, providing for the payment of a stipulated monthly rental and for the vesting of title in the purchaser after the payment of a certain specified amount, does not imply a warranty as to the condition of the machine.

[2] ID.—ACCEPTANCE OF DEFECTIVE TRUCK—WAIVER OF OBJECTION—PAYMENT.—The purchaser having ordered a truck equipped with "standard equipment," he would have been justified in refusing to accept delivery of a truck not so equipped or to execute the conditional sale agreement; but having executed such an agreement, which contained nothing in the nature of a warranty, and having accepted delivery of the truck without any objection on account of the fact that the truck was equipped with a defective rim, he could not refuse payment because of such defect or make his tender of payment conditional upon the remedy of such defect.

[3] ID.—TIME OF ESSENCE—RETAKING OF POSSESSION—FORFEITURE.—Where time is made of the essence of an "automobile lease," or conditional sale contract, which provides that upon default "in

the payment of any of the several installments of rent when the same shall fall due . . . then this lease shall terminate and become void, . . . and said first party [the seller] shall have the right without notice or service, to take said property and every part thereof and without legal process," the mere default of the purchaser, if not waived by the seller, is sufficient to entail a forfeiture; and a tender of the amount past due, after the seller has retaken possession, is not effective to prevent the forfeiture.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas B. Leeper for Appellant.

Charles B. Harris for Respondents.

FINCH, P. J.—The complaint alleges that the plaintiff entered into an agreement in writing with the defendants to purchase from them a Kissel truck for the sum of $2,820, of which sum $1,215 was paid on the execution of the agreement and the balance was agreed to be paid in monthly installments of $133.75 on the fifteenth day of each month, commencing with May 15, 1920; that on the fifteenth and eighteenth days of May, 1920, plaintiff tendered the amount of the first installment but that his offer of payment was refused; that on the eighteenth day of May, 1920, the defendants wrongfully took possession of the truck and ever since have retained possession thereof. The prayer is for a recovery of the truck or its value and damages for its detention. The answer admits the taking of the truck by the defendants and, to justify such taking, alleges that the plaintiff refused to carry out the terms of the contract. The defendants were given judgment for their costs.

The contract, designated as an "automobile lease," provides for the payment of a stipulated monthly rental for the use of the truck until such payments equal the balance of the purchase price, thereupon title to vest in the plaintiff. The contract provides that title shall remain in the defendants until payment of all installments; that "if said second party shall make default in the payment of any of the several installments of rent when the same shall fall due, . . . then this lease shall terminate and become void,

and all payments previously made by said second party hereunder shall be construed to be and applied as rental for the use of said property for the expired portion of said lease, and said second party hereby expressly waives and relinquishes to the said first party all rights to said moneys so paid, and the right of possession in and to said property, and every part thereof, shall revert to, and vest in said first party, and said first party shall have the right without notice or service, to take said property and every part thereof and anything attached thereto, from said second party, or any other person, without legal process; said retaking, however, shall not discharge said second party from any liabilities or unpaid installments. . . . It is further expressly understood and agreed that time is expressly declared to be of the essence of this lease.''

The plaintiff did not pay the first installment May 15th as required by the contract, although the Sacramento Bank and Trust Company, holding the contract as collateral security, had notified him to make payment, but on May 17th he tendered payment thereof, on condition, however, that defendants furnish a different rim for one of the wheels, the plaintiff contending that when the truck was delivered to him there were straight side rims on three wheels and a clincher rim on the other, and that the clincher rim damaged the tire used thereon. After engaging in a heated conversation with defendant Bell, the plaintiff left without making payment of the installment. The defendants thereupon took possession of the truck. On May 19th the plaintiff made an unconditional offer to pay the first installment, but was informed that the contract had become void by reason of failure to make payment at the time provided and of the fact that defendants had exercised their right to take possession of the truck. It was finally agreed, however, that upon payment by plaintiff of certain small sums claimed by the defendants to be due them, a new contract would be executed providing for payments on the same terms as in the first and that the truck would be again delivered to plaintiff. Defendants signed a new contract, which is not set out in the record but, in legal effect, appears to have been the same as the first, and sent it to the plaintiff for his signature. The plaintiff declined to sign the new contract but instituted this action instead. The defend-

ants, a few months later, resold the truck for about the amount of the unpaid balance of the sum agreed to be paid by plaintiff, after deducting the commissions paid by them for the resale.

In the absence of circumstances excusing plaintiff's default, it is very clear from the express terms of the contract that he had forfeited his right to possession of the truck, prior to the time the defendants took it from him. Appellant contends "that defendants by their failure to replace the defective rim were thereby first in default and being first in default they could not forfeit the contract because of plaintiff's failure to pay the first installment." [1] The contract contains nothing in the nature of a warranty and the mere conditional agreement to sell does not imply a warranty. (Civ. Code, sec. 1764.) The plaintiff introduced an order dated April 8, 1920, reading as follows:

"Customer's Deposit Receipt No. ——.

"The undersigned hereby orders from Simon & Bell Company one general delivery automobile, Kissel body type, with standard equipment . . . [Here follows terms of payment, etc., not material to the issues in this case.] There are no understandings, agreements, representations or warranties express or implied, not specified herein respecting the goods hereby ordered. Taken in trade one 1919 Dodge Del. Amount of allowance $1215.

"J. D. SILVERTHORNE.

" . . . This order subject to the approval of sales manager or general manager.

"Salesman: R. U. SPENCER."

April 10th the contract alleged in plaintiff's complaint was executed. The contract purports to be a complete agreement respecting the rights of the parties. Plaintiff sets it up as a basis of his cause of action without any allegation that it is incomplete or that it does not express the full agreement between the parties. "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." (Civ. Code, sec. 1625.) The order of April 8th was admitted in evidence over defendants' objection. "When the terms of an agreement have been reduced to writing by the parties, it is to be considered

as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases: 1. Where a mistake or imperfection of the writing is put in issue by the pleadings; 2. Where the validity of the agreement is the fact in dispute. . . . '' (Code Civ. Proc., sec. 1856.) [2] If the clincher rim was not ''standard equipment'' as provided in plaintiff's order for the truck, he would have been justified in refusing to accept the truck or to execute the agreement of conditional sale, but having executed the agreement and accepted the truck without any objection on account of the defective rim, he could not, under the facts pleaded, refuse payment because of such defect. The court properly sustained defendants' objections to plaintiff's offer to prove the defective condition of the rim on the ground that such defect was not in issue.

[3] Appellant contends that the defendants did not exercise their option to forfeit plaintiff's rights under the contract and that therefore plaintiff's unconditional tender of the amount due on the first installment, made after the defendants had retaken possession of the truck, was effective to prevent a forfeiture. The contract provides that ''said retaking, however, shall not discharge said second party from any liabilities or unpaid installments.'' Appellant argues that defendants' ''election to retake possession merely gave them the possession and did not terminate or forfeit the contract.'' The contract provides that upon default ''in the payment of any of the several installments of rent when the same shall fall due . . . then this lease shall terminate and become void, . . . and said first party shall have the right without notice or service, to take said property and every part thereof and without legal process.'' As said in *Andrews* v. *Karl*, 42 Cal. App. 513, 517 [183 Pac. 838], ''where time is made of the essence of the contract, terminating it upon a failure to comply strictly and punctually with its conditions, its effect is to entail a forfeiture by sheer force of the contract itself, upon the mere default of the purchaser by his failure to make payments at the times and in the manner that he obligated himself to, provided, however, that the vendor has not waived the default or conse-

quent forfeiture.'' Plaintiff was in default at the time he made the conditional tender of payment, and no act of his thereafter, in the absence of a waiver of the default by the defendants, could defeat their right to retake the truck. (*Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].) Appellant relies on *Liver* v. *Mills,* 155 Cal. 459 [101 Pac. 299], and *Muncy* v. *Brain,* 158 Cal. 300 [110 Pac. 945], to sustain his contention that he had a right to complete the purchase of the truck, notwithstanding his default. In view of the fact that time is made of the essence of the contract and that defendants did not waive the default, the cases relied on sustain the judgment rather than appellant's contention.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.