Fred A. Young
vs.                         Eq. No. 10259.
R. I. Auto Sales, Inc.,
et al.

December 19, 1930.

HAHN, J.   Heard on bill, answer praying for affirmative relief, and replications.

Romeo Descoli, on September 24, 1929, purchased a Viking automobile of Max Botvin, doing business as Colonial Motor Sales Company, on a "conditional sale" agreement (Respondents' Exhibit 6), under which title was to remain in the vendor until the machine was paid for in full.

On March 19, 1930, before payment had been completed on the automobile, Descoli placed the machine in the hands of the respondent R. I. Auto Sales, Inc., to sell it for him (Respondents Exhibit 1). It was sold to complainant, Fred A. Young, under a "conditional lease" agreement, by which the latter paid a sum in cash, turned in a Velie automobile in trade, and gave notes for the balance. Young took possession of the machine, under the agreement, on March 22, 1930, and on March 25, 1930, the Colonial Motor Sales Company, who sold the car to Descoli, replevied it; although the replevin suit was dismissed for want of jurisdiction, Young lost possession of the car.

Young brings the present bill of complaint, seeking (a) his notes, cash payment, and Velie automobile (together with interest and damages for retention thereof) which he gave in payment for the Viking. He asks (b) that in case the Velie has been sold that the fair value of same be ordered paid to him with interest. He also prays (c) that respondents Arter and Industrial Trust Company be ordered to deliver to complainant the said notes for cancellation, and (d) that if the Court adjudicates the matter as between Botvin and the R. I. Auto Sales, Inc., that Botvin be ordered to deliver the Viking to the complainant on receipt of the amount due thereon from the R. I. Auto Sales, Inc., and that the latter be ordered to pay complainant his damages sustained by reason of the retention of the Viking in the interval.

Respondent R. I. Auto Sales, Inc., has filed an answer and cross-bill, alleging that it had no knowledge of Botvin's claim of title to the Viking at the time Descoli brought it in for sale, but that this information was obtained subsequently, and that this respondent then got in touch with Botvin who stated the balance due and agreed to accept said amount and release Descoli; whereupon respondent sold the Viking to complainant, Young. Respondent alleges further that it ar-

ranged with one Roland E. Arter to discount the notes given by Young, i. e. to finance the sale, and that Arter called Botvin to verify the amounts due the latter, but that when he went to Botvin the latter refused to accept payment. Respondent asks that Botvin be directed to accept the amount due from Descoli on the Viking, that he deliver the car to complainant or this respondent, and that he be restrained from selling the Viking. The restraining order was granted and Botvin enjoined from selling the Viking. A demurrer filed by Botvin to both complainant's bill and this cross-bill has been overruled.

The evidence warrants the finding that the R. I. Auto Sales, Inc., sold the Viking under a conditional sale agreement (*Goodell* vs. *Fairbrother*, 12 R. I. 233; *Arnold* vs. *Chandler Motors*, 45 R. I. 469) to complainant Young for the sum of $306 in cash, the Velie automobile and $971 in notes; that the Viking was in the possession of Descoli at that time but held under a conditional sale agreement from Botvin doing business as the Colonial Motor Sales Company, and that Descoli violated the terms of the agreement so that the Colonial Motor Sales Company had been endeavoring to get the automobile; that the R. I. Auto Sales, Inc., knew that Descoli did not have clear title to the machine when it was delivered to them and expected to finance the whole transaction through Arter or others when a sale was made, but that this financing took time and was carried out after delivery of the machine to Young.

We find no evidence to sustain the assertion in the cross-bill that Botvin (Colonial Motor Sales Co.) had agreed to surrender the car or that anything more was done than to inquire from Botvin's bookkeeper as to the amount due, and that such amount was stated.

On these facts Young is an innocent party and is entitled to the relief asked for in prayers (a), (b) and (c) of his bill.

As between Botvin, or the Colonial Motor Sales Company, and the R. I. Auto Sales, Inc., the demurrer of Botvin having been overruled, it becomes necessary to adjudicate the matter as between these parties. The R. I. Auto Sales, Inc., claims that the retaking of the Viking by Botvin did not bar Descoli or his agents from paying the balance due, thereby causing title to pass from Botvin to Young. It also claims that the agreement between Botvin and Descoli is in the nature of a mortgage and not enforceable except between the original parties because unrecorded.

In a recent case before the Supreme Court of this State the contract was similar to the agreement in this case except that the seller after repossession and sale did not have to account to the prior vendee for any surplus proceeds as in the present case. The Court made no distinction, however, on this point but said:

"Often there is a provision for accounting if the sale price exceeds the balance due. The effect is to leave the vendor legally the owner of the chattel with rights analogous to those of a mortgagee holding the car as security for the payment of a debt. Such contracts partake both of the nature of a mortgage and of a conditional sale."

*Hamblin, Inc.*, vs. *Sprague*, 50 R. I. 99, 102.

The Hamblin case differs from the present case in that the suit was between the original parties so that the Court was not called upon to determine whether the agreement was in law a conditional sale or a mortgage —an unrecorded mortgage is good between the parties.

In another Supreme Court case the agreement provided that the vendor after sale should account to the original vendee for any excess over the

amount due on the contract, and defendant, a third party, claimed that the agreement constituted an absolute sale with mortgage back. The Court said:

"In Rhode Island contracts, similar in terms to the one under consideration here, have been employed to a very large extent in the sale of certain classes of merchandise. The claim that such a contract was essentially a mortgage has not been urged, previously, before this Court. Although in the transaction the purchaser has obtained possession of the chattel, effect has been given to the dominant intention of the parties that the title should remain in the seller until payment of the purchase price in full, and the contract has been considered as one of conditional sale. *Goodell* vs. *Fairbrother*, 12 R. I. 233; *Carpenter* vs. *Scott*, 13 R. I. 447; *Mosby* vs. *Goff*, 21 R. I. 494.

Under our law it is permissible for the seller of a chattel to impose the condition that title shall remain in him until the price is paid. In the absence of actual fraud, such condition will be enforced, as to third persons as well as between the parties, and the transaction will be regarded as a sale upon condition. * * * As to the contract before us there is no suggestion of fraud, and neither of the provisions pointed out by the defendant, nor any other contained in the contract, is inconsistent with the condition reserving title in the plaintiff.

In permitting the buyer to have apparent ownership while there exists a secret reservation of title in the seller, the Court is not unmindful of the mischief which may result to innocent purchasers from the buyer, or to those who, upon the strength of his apparent ownership, have given credit to the buyer, or to those who have performed work, as has this defendant, upon the chattel which is the subject of the conditional sale. Consideration of the possible harm to third persons appears to have in some cases affected the construction which Courts have given to the contract of sale. In the absence of fraud, the contract is a lawful one, and its public consequences have no proper bearing in determining the intention of the parties expressed in the agreement, which must govern its construction. If, for the protection of the public, conditional sales require regulation, it must be by the enactment of the General Assembly as a matter of policy, and not by judicial decision." *Arnold* vs. *Chandler Motors of R. I.*, 45 R. I. 468, 475.

If in the present case there was any fraud, it was not on the part of the original, Botvin, and in view of the many decisions of the Supreme Court holding agreements, largely similar to that in question here, to be conditional sales rather than mortgages, and the fact that the parties, Botvin and Descoli, unquestionably intended the agreement to be a conditional sale, the distinction which the respondent, R. I. Auto Sales, Inc., seeks to draw between this agreement and those found in the cases cited, is not convincing and the agreement must be considered a conditional sale.

" 'We are not to construe equities into the contract, but to carry it out as the parties were content to make it.' " *Hamblin* vs. *Sprague*, 50 R. I. 99, 102.

Similarly the agreement having provided that vendor might retake the car upon vendee's default, and vendor having retaken the car, the Court cannot read into the agreement the further provision that vendee can get it back again. The condition, the peril, of default was loss of the car and liability for any balance still due after sale of it. Further than this the agreement does not go, and the Court will not

add to it. Vendee might ask for the car back upon tender of all sums due, but this would be a new offer, for vendor to accept or reject. The agreement provides: "Time is the essence of this contract and if the purchaser default in complying with the terms hereof, the seller may take immediate possession of said property (possession after default being unlawful) including any equipment or accessories thereto:"

"Where time is made of the essence of the contract, terminating it upon a failure to comply strictly and punctually with its conditions, its effect is to entail a forfeiture by sheer force of the contract itself, upon the mere default of the purchaser by his failure to make payments at the times and in the manner that he obligated himself to, provided, however, that the vendor has not waived the default or consequent forfeiture. Plaintiff was in default at the time he made the conditional tender of payment, and no act of his thereafter, in the absence of a waiver of the default by the defendants, could defeat their right to retake the truck."

*Silverthorne* vs. *Simon*, 59 Cal. App. 494, 498.

Payment, or tender, under conditional sales agreements must at least be made before the property is retaken.

"We think it is clear that a payment made at any time *before possession was actually taken* would have vested the title in the Vaughn Manufacturing Company (the vendee), and that a tender of such payment would work the same result."

*Vaughn* vs. *McFayden*, 110 Mich. 234, 236.

The prayer for permanent relief in the cross-bill is denied and the prayer (d) of complainant for affirmative relief against Botvin is likewise denied.

As to the prayer for relief against the respondents, Arter and the Industrial Trust Company, the respondent Arter is chargeable with knowledge of the fact that the R. I. Auto Sales, Inc., was endeavoring to clear the title to the Viking automobile and had not succeeded in accomplishing this at the time that he took the notes and agreement of the complainant, Young, and, being chargeable with such notice, is subject to the prayer of the complainant (Par. c) that he be ordered to deliver up for cancellation the notes therein mentioned.

As to the respondent, Industrial Trust Company, it is in no manner shown that it had any knowledge of the circumstances set out in the bill and the complainant Young is entitled to no relief as against the Industrial Trust Company, but that Arter should be required by the decree to obtain said notes from the Industrial Trust Company by payment of the amount advanced upon the same and return said notes to the complainant.

A decree in accordance with the above findings may be entered.

For complainant: Judah C. Semonoff.

For respondents: Harold R. Semple.