**A. E. MALLAGH, Trustee in Bankruptcy of the Bankrupt Estate of Orville Stanford, Inc., Appellant,**

v.

**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, etc., Appellee.**

No. 17039.

United States Court of Appeals Ninth Circuit.

March 14, 1962.

William J. Tiernan, Los Angeles, Cal., for appellant.

Hugo A. Steinmeyer, Robert H. Fabian, Samuel B. Stewart, Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

This action was brought by the trustee in bankruptcy against the appellee, hereinafter referred to as "the Bank," upon a complaint containing two claims or causes of action. The first claim is to recover money paid to the Bank under a void chattel mortgage, the chattel mortgage being void as to a trustee in bankruptcy and as to the creditors for the failure of the Bank to record the mortgage.

The second claim was based upon a preference under Sections 60, sub. a and 60, sub. b of the Bankruptcy Act, 11 U.S. C.A. § 96, subs. a, b.

In the course of the proceedings before the District Judge, the trustee filed a motion for summary judgment as to the first claim and the Bank filed a motion to dismiss the first claim for failure of such claim to state a claim against the Bank upon which relief could be granted. The District Court denied the trustee's motion for summary judgment on the first claim and granted the Bank's motion to dismiss the first claim upon the ground stated in the motion, and a judgment of dismissal of the first claim was entered. On stipulation of the parties, the Court dismissed, without prejudice, the second claim which sought recovery against the Bank on the ground that the Bank had received a voidable preference.

The trustee appealed from the judgment of dismissal entered on the first claim. Hence, the only question presented by this appeal is whether the District Court erred in granting the judgment of dismissal of the first claim.

It is alleged in Count 1 that bankruptcy occurred on March 5, 1958;[1] that the chattel mortgage was executed and delivered on September 12, 1956 and properly recorded in Santa Barbara County where the mortgaged property remained until October 8, 1957 when it was removed by the bankrupt to Kern County where it remained until January 10, 1958, on which date the bankrupt sold the property to a third person for the total sum of $26,500.00, from the proceeds of which sale there was paid to the Bank the unpaid balance of the obligation owing to the Bank; that the mortgage was never re-recorded in Kern County nor was any statement filed with the Secretary of State of the State of California in accordance with the provisions of Sec. 2965 of the Civil Code of that State; and

---

1. The true date. However, it is February 20, 1958.

that there are creditors of the bankrupt in existence whose claims arose prior to the month of October, 1957.

■ In view of the posture of the case on this appeal, we must conclude that the chattel mortgage became invalid 30 days after removal of the mortgaged property to Kern County and the failure of the Bank to re-record its mortgage in Kern County or to file the required statement with the Secretary of State of California. However, it does not follow from such conclusion that the trustee is entitled to recover from the Bank the amount paid to it in discharge of the balance of the obligation owing to it.

It is clear from the allegations contained in Count 1 that the mortgaged property was not in the possession or under the control of the bankrupt or the Bank on the date of bankruptcy. The mortgaged property was sold by the bankrupt to a third person and title to and possession of the property passed to him 40 days prior thereto. There is no allegation in Count 1 that the sale to the third person was fraudulent or that the Bank participated in the sale other than to receive from the proceeds of such sale payment of the unpaid balance of the obligation admittedly owing to it. There is no allegation that the Bank ever attempted to repossess the mortgaged property, to foreclose on it, or in any manner exercise any dominion over it.

The trustee asserts that the money paid to the Bank on January 10, 1958, should be included in the bankrupt's estate under Secs. 70, sub. e and 70, sub. c of the Bankruptcy Act on the ground that the Bank failed to comply with the California law requiring chattel mortgages to be re-recorded in the county to which the mortgaged property is removed.

In its order granting the Bank's motion to dismiss the first claim, the District Judge stated:

"The mere fact that the chattel mortgage was void as to creditors does not of itself permit the trustee to recover. Assuming the chattel mortgage to be invalid, the mort-gagee was nevertheless an unsecured creditor, and was entitled to payment unless the elements of a preference were present, which claim can be litigated fully under plaintiff's second cause of action."

■ We will first consider the trustee's rights under Sec. 70, sub. e of the Bankruptcy Act. This section, in pertinent part, is as follows:

"A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is * * * voidable for any * * * reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor." 30 Stat. 565, 11 U.S.C.A. § 110.

Thus, the trustee is empowered to act in a representative capacity in behalf of the actual creditors of the bankrupt. See In re Wright Motor Co. Inc., 299 F. 106 (9th Cir., 1924); Lytle v. Andrews, 34 F.2d 252 (8th Cir., 1929); Collier, Bankruptcy 1611 (1942); MacLachlan, Bankruptcy 327 (1956). He is given the powers they would have had in the event of non-bankruptcy, and thus has the same right they would have had to attack a lien on the bankrupt's property. Since the decision in Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931), the trustee's power to avoid such a lien does not depend on how many of the bankrupt's creditors could have avoided the lien. If one creditor could have prevailed against the holder of the security, the trustee in bankruptcy can avoid the security in its entirety. Thus, the rights of a single creditor, however minor his claim, redound to the benefit of all creditors in bankruptcy. See Miller v. Sulmeyer, 263 F.2d 513 (9th Cir., 1959). In bankruptcy proceedings, the vulnerability of a security transaction to attack by the trustee depends on the creditor laws of the jurisdiction in which the property is located. See Duffy v. Charak, 236 U.S. 97, 35 S.Ct. 264, 59 L.Ed. 483 (1915); Holt v. Crucible Steel Co., 224

U.S. 262, 32 S.Ct. 414, 56 L.Ed. 756 (1912).

 California has consistently held that general creditors can levy upon property which is encumbered by an unrecorded mortgage, even if possession of the property has been transferred to the mortgagee. See Chelhar v. Acme Garage, 18 Cal.App.2d Supp. 775, 61 P.2d 1232 (1936); Rolando v. Everett, 72 Cal.App. 2d 629, 165 P.2d 33 (1946); Loosemore v. Baker, 175 Cal. 420, 166 P. 26 (1917); Miller v. Sulmeyer, 263 F.2d 513 (9th Cir., 1959). The facts of the instant case are entirely different from any of the facts in the foregoing cases. The chattel mortgage of the Bank became invalid 30 days after removal of the mortgaged property to Kern County, and the failure of the Bank to re-record its mortgage in Kern County or to file the required statement with the Secretary of the State of California. The Bank never took possession of the mortgaged property. It did not conduct a sale at which it became the purchaser. The mortgagor sold the property to a third person and applied a portion of the sale's proceeds to the payment of an admittedly valid debt owing by the mortgagor to the Bank. While creditors whose claims arose before the mortgage was executed and properly recorded in Santa Barbara County might have been able to levy on the mortgaged property, while it was in the possession of the mortgagor 30 days after its removal to Kern County—See Hopper v. Keys, 152 Cal. 488, 92 P. 1017 (1907); Kahriman v. Fitzgerald, 85 Cal.App. 180, 259 P. 90 (1927)—we are aware of no California non-bankruptcy case which grants to a creditor the right to levy upon money voluntarily paid by a debtor to another bona fide creditor in discharge of a valid obligation, absent the elements of fraud or unlawful preference. The fact that the money paid was derived from the proceeds of a valid sale by the debtor of property upon which the receiving creditor held an invalid mortgage would not give any greater rights to other creditors of the debtor. It is our view that notwithstanding the liberal policy of the State of California to protect creditors from unrecorded mortgages, we doubt that under the law of California in view of the factual allegations contained in the first claim, the payment to the Bank was voidable at the instance of a creditor of the Bank's debtor. Since a creditor could not prevail in a non-bankruptcy proceeding, the trustee likewise cannot prevail under Sec. 70, sub. e of the Bankruptcy Act.

█ The trustee also contends that he should prevail over the Bank under Sec. 70, sub. c of the Bankruptcy Act, 30 Stat. 565, 11 U.S.C.A. § 110. This section gives the trustee the status of a hypothetical creditor who obtains a lien on the bankrupt's property, by a legal or equitable proceedings, at the time of the filing of the bankruptcy petition. It is not necessary that such a creditor actually exist. See Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275 (1915); Martin v. Commercial Nat'l Bank, 245 U.S. 513, 38 S.Ct. 176, 62 L.Ed. 441 (1918); Lewis v. Manufacturers Nat'l Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961).

█ It appears clear to us that recovery cannot be sustained under Sec. 70, sub. c since there was no property in existence on the date of bankruptcy upon which a creditor, either real or hypothetical, could have obtained a lien by legal or equitable proceedings at the date of bankruptcy. Hence, there were no rights, remedies or powers of a creditor, real or hypothetical, to become vested in the trustee.

Under the facts of this case and the applicable law, we agree with the statement of the District Court that the Bank is entitled to retain the payment made to it, absent the elements of a preference under Sec. 60 of the Bankruptcy Act.

The judgment of dismissal is affirmed.