The REPUBLIC SUPPLY COMPANY OF CALIFORNIA, Appellant,

v.

W. A. MacMULLEN, Trustee, etc., Appellee.

No. 18298.

United States Court of Appeals Ninth Circuit.

Feb. 10, 1964.

Rehearing Denied April 1, 1964.

Walker, Wright, Tyler & Ward, and W. A. Caldecott, Los Angeles, Cal., for appellant.

Deadrich & Bates, and Kenneth H. Bates, Bakersfield, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and BURKE, District Judge.

BURKE, District Judge:

This is an appeal from certain orders of the District Court, sitting as a Bankruptcy Court by which it was held that the appellant, The Republic Supply Company of California, had no lien nor interest in certain oil and gas drilling equipment which had been sold by it to the bankrupt on a written conditional sales contract but which it had repossessed and sold prior to bankruptcy and as to which

some $24,000 was due, owing and unpaid by the bankrupt. The District Court further ordered appellant to deliver to the trustee any of the equipment in its possession and to account and pay to the trustee the net proceeds received by it from sale or disposition of the property. The matter came before the District Court on Petition for Review of similar orders made by the Referee in Bankruptcy in this matter.

Jurisdiction of the lower court was conferred by Bankruptcy Act § 1 (11 U.S.C. § 1), and Bankruptcy Act § 2, sub. 10 (11 U.S.C. § 11, sub. 10), Jurisdiction on the Appeal is based on Bankruptcy Act § 24, 11 U.S.C. § 47.

The parties to this appeal concede the accuracy of the following facts which are set forth in Findings filed by the District Court on July 20, 1962:

That on or about September 14, 1960, the appellant, The Republic Supply Company of California, a corporation, sold oil drilling equipment to Green and Dreblow Drilling Company, a partnership (the bankrupt herein) on a written conditional sales contract; that the bankrupt agreed to pay therefor the sum of $30,779.32 together with interest from September 15, 1960, at the rate of 7% per annum for said equipment; that the balance of $24,279.32 is due, owing and unpaid on said contract; that the bankrupt, Green and Dreblow Drilling Company, was and now is a partnership composed of J. M. Green and M. B. Dreblow; that said equipment was sold for use in and was used for oil drilling purposes; that the contract was recorded in the office of the County Recorder of Kern County on September 26, 1960; that the Republic Supply Company of California has taken possession of the equipment and sold and disposed of it; and that the bankrupt became indebted to a creditor subsequent to the execution and recording of the contract and prior to the filing of the petition in bankruptcy, who had no actual knowledge of the existence of the contract.

During argument before this court it was conceded by both parties that no question of a preference under § 60 of the Bankruptcy Act was urged or considered in hearings before the Referee in Bankruptcy and the District Court.

The District Court held that although the conditional sales contract had been executed by "Green and Dreblow Drilling Company, a partnership" and had been recorded within the time contemplated by California Civil Code § 2980, the acknowledgment failed to comply with the provisions of California Civil Code § 1190a, and thus the contract was void and of no force and effect against the Trustee. The acknowledgment in question reads as follows:

"State of California, County of Los Angeles—ss:

"On this 21st day of September, 1960, before me, the undersigned, a notary public in and for the county of Los Angeles, State of California, personally appeared M. B. Dreblow and J. M. Green, known to me to be the persons whose names—subscribed to the within instrument, and acknowledged to me that they executed the same.

"Witness my hand and official seal the day and year first above written.

"Roland E. Burbeck (Seal)
"Notary Public in and for the County of Los Angeles, State of California."

California Civil Code, § 1190a reads:

"The certificate of acknowledgment of an instrument executed by a partnership must be *substantially* in the following form:

"State of . . . . . . . . . . ., County of . . . . . . . . . . ., ss:

"On this . . . . . . day of . . . . . . . ., in the year . . . . . . . ., before me (here insert the name and quality of the officer), personally appeared . . . . . . . . . . ., known to me (or proved to me on the oath of . . . . . . . . . .) to be *one* of the partners of the partnership that executed the within instrument, and acknowledged to me that such partnership executed the same." (Emphasis added.)

The requirement that a conditional sales contract of equipment to be used for oil drilling purposes be acknowledged and recorded is contained in California Civil Code § 2980 which provides:

"Every conditional sales contract of equipment and machinery used or to be used for mining purposes, must be acknowledged, or proved and certified, and must be recorded within twenty (20) days after its execution in the office of the recorder of the county where the buyer resides at the time he executes such contract, and also in the office of the recorder of the county or counties where the property involved is located at the time the contract is executed by the buyer, or in case the buyer is a nonresident of this State, in the office of the recorder of the county or counties where the property involved is located at the time the contract is executed by the buyer, otherwise it shall be void as to the lien or interest of the seller against bona fide purchasers, encumbrancers and those having no actual knowledge of the contract who become creditors of the buyer while said property is in the possession of any of the last mentioned parties.

"As used in this section the term 'mining purposes' includes oil drilling purposes.

"Where the buyer is a corporation or a partnership, the county of recordation thereof for the purpose of recording such contract shall be deemed to be the county wherein such corporation or partnership has its principal place of business within this State."

While before the Referee in Bankruptcy and the District Court the Trustee successfully contended that Civil Code § 1190a describes the only form of acknowledgment contemplated by Civil Code § 2980 which is neither so uncertain nor ambiguous as to render it unconstitutional. Appellant assumed a contrary position and also urged the proposition that the form of acknowledgment in Civil Code § 1190a cannot be used without change when "all of the partners", as distinguished from "one of the partners" execute the contract. That is, if all of the partners executed the instrument the notary would have to make changes over and beyond the mere filling in of blanks. At the peril of having an improper acknowledgment he would have to determine what changes should be made in the form set forth in the statute. To attribute such intent to the legislature is alleged to be unreasonable. Appellant cites In re Hurt, D.C., 129 F.Supp. 94 in support of its argument.

Although this appeal was briefed and argued on the basis of contentions made before the Referee in Bankruptcy and the District Court, at the time of argument we were of the opinion that an entirely different and more fundamental question was presented by the facts. It was therefore ordered that the parties file supplementary briefs touching upon the principles involved in the decisions in Lewis v. Manufacturers National Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed. 2d 323, and Mallagh v. Bank of America, 9 Cir., 300 F.2d 679. Both of these cases are concerned with the language and effect of § 70 of the Bankruptcy Act (11 U.S.C. § 110), and, particularly, with § 70, sub. c, which reads in part as follows:

"* * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

It is apparent that all or some of the property in question must have vested in the Trustee under the above section before disposition thereof by order of the Bankruptcy Court was possible. Appellee, recognizing the application of the

quoted section, contends that a later sub-section of the same statute must also be considered, namely, subdivision e, which reads in part as follows:

"(e) (1) A transfer made or suffer-ed * * * by a debtor adjudged a bankrupt under this Act which, un-der any Federal or State law ap-plicable thereto, is fraudulent as against or voidable for any other rea-son by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor af-fected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate, * * *". Section 70, sub. e, Bankruptcy Act, 11 U.S.C. § 110, sub. e.

Appellee argues that under either 70, sub. e(1) or 70, sub. e(2) the right to void and set aside the claim of appellant can be established and thus place the equipment within the scope of § 70, sub. c.

In this case the voluntary petition in bankruptcy was filed June 29, 1961, and adjudication took place on that date. The property covered by the conditional sales contract was repossessed by the ap-pellant on or about May 5, 1961, some of the property having been sold and the re-mainder being in the appellant's posses-sion at the time of bankruptcy.

Section 70, sub. e(1) of the Bankruptcy Act gives the trustee the powers which any of the creditors might have had, in the absence of bankruptcy; and § 70, sub. c, gives the trustee the status of an imaginary creditor holding a lien on the bankrupt's property by legal or equitable proceedings *at the time of bankruptcy*.

Prior to the case of Lewis v. Manufac-turers National Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 there was authority to the effect that the lien pro-vided for in § 70, sub. c was one which

related back in time to whenever it was most advantageous to the trustee, Con-stance v. Harvey, 215 F.2d 571, (2nd Cir. 1954). The Lewis case made it clear however, that the lien provided for in that section affixes *at the time of bank-ruptcy* and not before.

There being no showing that any credi-tor possessed a prior lien, the issue as presented here is whether or not any creditor could have secured a lien upon the property on the date of bankruptcy.

In Mallagh v. Bank of America, 9 Cir., 300 F.2d 679, this court had before it the question of whether or not a trustee stated a cause of action against the bank in a complaint which alleged that the bank had held a chattel mortgage against property of the bankrupt which had be-come invalid because of a failure to re-record the same but that, before bank-ruptcy, the property had been sold by the bankrupt and the proceeds of the sale paid to the bank to retire its debt. This court there recognized that mere repos-session by a chattel mortgagee would not prevent a creditor in California from at-tacking an invalid mortgage and affixing a lien upon the property even though in the possession of the mortgagee. It held, however, that no creditor could follow the proceeds paid to the mortgagee and affix a lien to them. For this reason it was held that the trustee had no rights under any of the provisions of § 70 at the date of bankruptcy.

If the instrument here involved were a chattel mortgage, the principle of the Mallagh case could apply only to that portion of the repossessed equipment which had actually been sold. Appel-lant's right to possession of unsold prop-erty as against the trustee would depend upon evidence that the chattel mortgage had been executed and recorded as re-quired by statute, and thus not subject to attack by a creditor contemplated by the language of § 70, sub. e(1). How-ever, the instrument under consideration in this case is a conditional sales con-tract, not a chattel mortgage. We must therefore determine whether appellant's

possession of the repossessed property should be distinguished from that which would have resulted from default under a chattel mortgage when it is claimed by the trustee pursuant to § 70, sub. c.

The State of California recognizes a fundamental distinction between chattel mortgages and conditional sales contracts. Under a chattel mortgage, title rests in the mortgagor and the mortgagee possesses nothing but a lien. Any rights obtained through the exercise of a right of repossession and subsequent exercise of a power of sale in the chattel mortgage must obviously rest upon the authority of the mortgage itself. If it be void, no title can be secured by the exercise of any rights under it.

The rule is different with respect to a conditional sales contract. In that instance the conditional vendor does not possess a lien but retains title. All that the conditional vendee obtains is the right to possession of the property and the right to obtain title by complying with the terms of the instrument. Phelps v. Loupias, 97 Cal.App.2d 350, 355, 217 P.2d 748; Bice v. Harold L. Arnold, Inc., 75 Cal.App. 629, 635, 243 P. 468; Hougham v. Rowland, 33 Cal.App.2d 11, 14, 15, 90 P.2d 860.

California law recognizes the fact that a conditional sales contract may provide by its terms that upon repossession by the seller all of the rights of the buyer terminate and that thereafter he has no right of redemption. Silverthorne v. Simon, 59 Cal.App. 494, 211 P. 26.

The conditional sales contract here involved provides that the purchaser had "no title, right or powers" except as provided in the contract, that "time was of the essence" and that in the event appellant "should take possession of such property all rights of purchaser under the contract shall immediately terminate". Therefore upon repossession prior to the bankruptcy, the contract and all rights of the buyer ceased to exist. The rights of The Republic Supply Company to the equipment did not thereafter depend up-on the contract but rather upon its original and continuing ownership thereof.

Appellee suggests that a conditional vendee has rights which continue in existence despite repossession by the vendor. This may be true under some forms of conditional sales contract but not in this instance where the contract makes time of the essence and specifically provides for termination of vendee's rights upon repossession. In this regard appellee concedes that no California case has been found which gives a creditor of a conditional vendee the right to levy upon property in the hands of a conditional vendor after repossession. It would therefore seem that in this case there existed no creditor's right upon which the Trustee could predicate a claim under provisions of § 70, sub. c.

For the reasons given we do not reach the question involving sufficiency of the form of acknowledgment and the order of the District Court is reversed with directions to enter a new order consistent with this opinion.