336 F.2d 670
 ROSCOE MOSS COMPANY, Creditor in the matter of: Fred William
Walker, aka Fred W. Walker, F. W. Walker and as
Fred Walker, Appellant,
v.
J. M. DUNCAN, Trustee in the matter of: Fred William Walker,
aka Fred W. Walker, F. W. Walker and as Fred
Walker, Appellee.
 No. 19082.
 United States Court of Appeals Ninth Circuit.
 Sept. 14, 1964.
 
 1
 Richard W. Horton, Stewart, Horton & McCune, Reno, Nev., Arguello, Giometti, McCarthy, San Francisco, Cal., for appellant.
 
 
 2
 Raymond Anixter, Shapro, Anixter & Aronson, Burlingame, Cal., for appellee.
 
 
 3
 Before HAMLEY and BROWNING, Circuit Judges, and TAYLOR, District judge.
 
 
 4
 TAYLOR, District Judge.
 
 
 5
 This is an appeal from an Order of the United States District Court for the Northern District of California affirming the Order of the Referee in Bankruptcy in favor of the Appellee and against Appellant.
 
 
 6
 This Court has jurisdiction under Section 24 of the Bankruptcy Act (11 U.S.C. 47).
 
 
 7
 According to the stipulated facts the Appellant (Mortgagee) filed a proof of secured claim with Appellee (trustee) asserting a claim for $10,994.31 to be secured by a chattel mortgage upon certain well drilling equipment which mortgage was recorded in Monterey County, California; that the well drilling equipment was removed from Monterey County into Santa Cruz County, California, where it remained more than thirty days prior to the filing of the petition in bankruptcy; that the mortgage was never recorded in Santa Cruz County and there are creditors of the bankrupt who became such while the mortgage was unrecorded in said county; that some but not all of the creditors of the bankrupt had knowledge of the recordation of the mortgage in Monterey County; and that the mortgagor was a resident of the State of California at the time the mortgage was made.
 
 
 8
 Based on these facts the Referee and the District Court held that appellant's mortgage was void as against the trustee in bankruptcy and that appellant's claim against the estate of the bankrupt was unsecured.
 
 
 9
 Appellant specifies that it was error for the District Court to affirm the Order of the Referee in that: 'a. The lien of the trustee in bankruptcy is inferior to the lien of the chattel mortgage of appellant and appellant's claim in bankruptcy should be allowed as a secured claim.'
 
 
 10
 The question here is whether under the agreed facts of this case, the chattel mortgage is valid or invalid as against the trustee in bankruptcy.
 
 
 11
 The resolution of the issue depends primarily on the interpretation of Sections 2957 and 2965 of the California Civil Code. However, in the first instance we must look to the Bankruptcy Act to determine the rights and power of a trustee in regard to the property of a bankrupt.
 
 
 12
 Section 70, sub. c, of the Bankruptcy Act (11 U.S.C.A. 110, sub. c)[1] gives the trustee all of the rights of a lien creditor upon property in which the bankrupt has an interest or as to which the bankrupt has an interest or as to which the bankrupt may be the ostensible owner.
 
 
 13
 Under Section 70, sub. e, of the Act (11 U.S.C.A. 110, sub. e)[2] a trustee 'is empowered to act in a representative capacity in behalf of the actual creditors of the bankrupt. * * * He is given the powers they would have had in the event of non-bankruptcy, and thus has the same right they would have had to attack a lien on the bankrupt's property. * * * If one creditor could have prevailed against the holder of the security, the trustee in bankruptcy can avoid the security in its entirety. Thus, the rights of a single creditor, however minor his claim, redound to the benefit of all creditors in bankruptcy.' Mallagh v. Bank of America, 300 F.2d 679 (9th Cir. 1962).
 
 
 14
 Section 2957 of the California Code provides:
 
 
 15
 'A mortgage of personal property * * * is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless
 
 
 16
 '4. The mortgage, if of personal property other than crops growing or to be grown or animate personal property, is recorded in the office of the recorder of each of the counties where the property mortgaged is located and where the mortgagor resides at the time the mortgage is executed, provided that in case the mortgagor is a nonresident of this State no recordation where the mortgagor resides is required, and, in case the property mortgaged is thereafter removed to another county of this State, either the mortgage is recorded in that county or there is or has been filed a statement of recordation as prescribed in Section 2965; * * *'
 
 It is provided in Section 2965 that:
 
 17
 'When personal property mortgaged (other than animate personal property mortgaged by a resident of this State, and motor vehicles and other vehicles defined in and the mortgaging of which are regulated by the California Vehicle Act) is removed from the county in which it is situated, constructive notice of the mortgage imparted by recordation shall not be affected thereby for 30 days after such removal; but, after the expiration of such 30 days, said recordation shall not impart constructive notice while said property remains removed from the county:
 
 
 18
 '1. Until the mortgagee causes the mortgage to be recorded in the county to which the property has been removed; or
 
 
 19
 '2. Unless the mortgagee causes or has caused a statement of recordation to be filed; or
 
 
 20
 '3. Until the mortgagee takes possession of the property as prescribed in the next section.'
 
 
 21
 The District Court held that according to the provisions of Sections 2957 and 2965 of the California Civil Code a creditor without notice prevails against a prior chattel mortgagee who has not recorded his mortgage when the property is removed to another county. We agree.
 
 
 22
 In Mallagh v. Bank of America Nat. Trust and Sav. Assoc., supra, this Court considered a similar situation in regard to rights of a trustee as to mortgaged property when it was removed by a mortgagor to a second county and there was a failure to re-record the mortgage in the new county or to file a statement with the Secretary of State of California as required by Section 2965 of the California Code. There it was definitely held that 'the chattel mortgage of the Bank became invalid 30 days after removal of the mortgaged property to Kern County, and the failure of the Bank to re-record its mortgage in Kern County or to file the required statement with the Secretary of the State of California.' Id. at 682.
 
 
 23
 In the case here the appellant failed to re-record its mortgage in Santa Cruz County or file the required statement with the Secretary of the State of California.
 
 
 24
 In accord with the holding in the Mallagh case, cited and approved in Republic Supply Company of California v. MacMullen, 328 F.2d 785 (9th Cir., 1964), appellant's mortgage became invalid 30 days after the removal of the mortgaged property from Monterey County to Santa Cruz County, California.
 
 
 25
 Appellant bottoms his contention on an interpretation of Section 2957 which to us does not appear to be reasonable or realistic. He argues that in a case of a resident mortgagor, when the mortgage has been recorded in the county where the property is located and the county where the mortgagor resides, the property can be moved into another county and remain there for any length of time without any re-recording as required by Section 2965. We do not agree.
 
 
 26
 It seems clear to us that Section 2957 applies to re-recording of a mortgage in the case of a resident as well as a non-resident. In either case the mortgage is invalid against creditors unless there is a compliance with Section 2965.
 
 
 27
 Since Section 70, sub. e(1) of the Bankruptcy Act gives the trustee the powers which any of the creditors might have had, in the absence of bankruptcy; and Section 70, sub. c, gives the trustee the status of an imaginary creditor holding a lien on the bankrupt's property by legal or equitable proceedings at the time of bankruptcy (Republic Supply Company v. MacMullen, supra) and since appellant's mortgage was invalid as against creditors, it follows that the mortgage was invalid as to the Trustee in Bankruptcy.
 
 
 28
 The Order of the District Court affirming the Order of the Referee in Bankruptcy is affirmed.
 
 
 
 [1]
 Section 70, sub. c, of the Bankruptcy Act (11 U.S.C.A. 110, sub. c.) provides:
 '(c) The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists.'
 
 
 [2]
 Section 70, sub. e, of the Bankruptcy Act (11 U.S.C.A. 110, sub. e) provides:
 '(e) (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.
 '(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: Provided, however, That the court may on due notice order such transfer or obligation to be preserved for the benefit of the estate and in such event the trustee shall succeed to and may enforce the rights of such transferee or obligee. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws.
 '(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necesary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction.'