**UNITED CALIFORNIA BANK, a California corporation, Appellant,**

v.

**John M. ENGLAND, as Trustee in Bankruptcy of Felden Industries, Inc., Appellee.**

**No. 20035.**

United States Court of Appeals Ninth Circuit.

Nov. 16, 1966.

John K. Derham, Joseph A. Kiernan, Rodney G. Commons, P. R. Speckman, Jr., San Francisco, Cal., for appellant.

August B. Rothschild, William Kelly, of Rothschild & Phelan, San Francisco, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and FOLEY, Jr., District Judge.

FOLEY, Jr., District Judge.

The Referee held that a chattel mortgage in favor of Appellant was invalid as against the Appellee, the Trustee in Bankruptcy. The District Court, on review, affirmed the Referee and this appeal followed. This Court has jurisdiction under Section 24 of the Bankruptcy Act (11 U.S.C. § 47).

The essential facts are these:

In June, 1962, in Alameda County, California, Cyclone Sandblast Equipment Company, hereinafter called "Cyclone", became a creditor of Metal Fab Enterprises, Inc. On July 31, 1963, Metal Fab gave its note and chattel mortgage covering certain inanimate personal property, not crops, to Appellant. The mortgagee recorded the chattel mortgage in Ala-

meda County on August 2, 1963. On August 29, 1963, the bankrupt purchased the assets and assumed certain liabilities of the mortgagor, including the debt due Cyclone, but excluding the debt due the mortgagee. The debt due the mortgagee was eventually assumed by the bankrupt on April 20, 1964, but Metal Fab remained the mortgagor. Cyclone had no actual notice of the mortgage and never released the mortgagor. Shortly after August 29, 1963, the bankrupt moved the assets purchased, including the mortgaged property, to San Mateo County, California. The mortgaged property remained in the bankrupt's possession in San Mateo County, where the bankrupt did business between the time of removal of the assets from Alameda County and July 14, 1964, the date of filing of the petition in bankruptcy. While so engaged in business in San Mateo County, certain creditors without actual notice of the mortgage extended credit to the bankrupt. These creditors and Cyclone,

among others, have filed claims against the bankrupt's estate. The mortgagee never recorded the mortgage in San Mateo County and did not file a statement of recordation with the Secretary of State of California.

■ Under California law, Cyclone had constructive notice of the chattel mortgage between August 2, 1963, the date of recordation in Alameda County and the expiration of thirty days after the removal of the mortgaged property to San Mateo County. The chattel mortgage became void as to Cyclone because of the failure of the mortgagee to either record in San Mateo County or to file a statement of recordation with the Secretary of State. Upon the expiration of a thirty-day period after removal of the mortgaged property, the original recordation no longer imparted constructive notice to Cyclone and the mortgage became void as to Cyclone. This was so because of controlling California statutes now repealed.[1]

1. Section 2957 of the California Civil Code, in pertinent part, provided:

"A mortgage of personal property * * * is void as against creditors of the mortgagor * * * unless * * *

4. The mortgage, if of personal property * * * is recorded in the office of the recorder of each of the counties where the property mortgaged is located * * * and, in case the property mortgaged is thereafter removed to another county of this State, either the mortgage is recorded in that county or there is or has been filed a statement of recordation as prescribed in Sec. 2965; [of the Civil Code] * * *"

Section 2965 of the California Civil Code provided, in pertinent part:

"When personal property mortgaged * * * is removed from the county in which it is situated, constructive notice of the mortgage imparted by recordation shall not be affected thereby for 30 days after such removal; but, after the expiration of such 30 days, said recordation shall not impart constructive notice while said property remains removed from the county:

1. Until the mortgagee causes the mortgage to be recorded in the county to which the property has been removed; or

2. Unless the mortgagee causes or has caused a statement of recordation to be filed; or

3. Until the mortgagee takes possession of the property as prescribed in the next section.

The statement of recordation shall be filed with the Secretary of State, signed by the Mortgagee, stating that a mortgage of personal property has been recorded, the kind or kinds of personal property mortgaged, recording data as to permit the record to be located, and the name and chief place of business of each of the mortgagor and mortgagee."

10 Cal.Jur.2d, p. 312, § 30, and p. 319–320, § 36; Himmels v. Sentous, 151 Cal. 520, 91 P. 327; Elliott v. Hudson, 18 Cal. App. 642, 124 P. 103, 108; Vol. 1, Witkin, Summary of California Law, § 54, p. 685, 686; Old Settlers' Inv. Co. v. White, 158 Cal. 236, 110 P. 922; Noyes v. Bank of Italy, 206 Cal. 266, 274 P. 68; Rolando v. Everett, 72 Cal.App.2d 629, 165 P.2d 33; 19 So.Cal.Law Rev. 444; England v. Moore Equipment Co., D.C., 94 F. Supp. 532, affirmed per curiam 185 F.2d 1019, 9 Cir., 1950; Chapman v. England, 231 F.2d 606, 610, 9 Cir., 1956; Mallagh v. Bank of America Nat. Trust & Sav. Assoc., 300 F.2d 679, 9 Cir., 1962; Ros-

■ The question presented on this appeal is whether or not the trustee succeeds to the rights of Cyclone and may have the chattel mortgage declared void as against the trustee?

We answer the question in the affirmative.

The law is well settled that under Section 70(c) of the Bankruptcy Act, a trustee becomes vested with all of the rights, remedies and powers of a creditor of the bankrupt who actually exists and who could at the date of bankruptcy have obtained a lien against the property of the bankrupt whether or not in fact such creditor has obtained a lien.[2]

■ What this Court said in Mallagh v. Bank of America Nat. Trust & Sav. Assoc., 300 F.2d 679 at 681 (9th Cir. 1962), in considering Section 70(e),[3] is applicable to Section 70(c):

"* * * the trustee is empowered to act in a representative capacity in behalf of the actual creditors of the bankrupt * * * He is given the powers they would have had in the event of non-bankruptcy, and thus has the same right they would have had to attack a lien on the bankrupt's property. Since the decision in Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931), the trustee's power to avoid such a lien does not depend on how many of the bankrupt's creditors could have avoid-

ed the lien. If one creditor could have prevailed against the holder of the security, the trustee in bankruptcy can avoid the security in its entirety. Thus, the rights of a single creditor, however minor his claim, redound to the benefit of all creditors in bankruptcy * * *. In bankruptcy proceedings the vulnerability of a security transaction to attack by the trustee depends on the creditor laws of the jurisdiction in which the property is located * * *."

While Cyclone, as a creditor of the bankrupt, could have obtained a lien at the date of bankruptcy, that is, it could have sued the bankrupt and levied attachment against the property of the bankrupt, the Appellant contends that Cyclone, as such creditor of the bankrupt, cannot attack the chattel mortgage and therefore the chattel mortgage may not be declared to be void as against the trustee.

In 1904, the Supreme Court of California, in Talcott v. Hurlbert, 143 Cal. 4, 76 P. 647, held that only a creditor of the mortgagor and not a creditor of the assignee of the mortgagor had standing to attack a chattel mortgage defective by reason of non-compliance with the recording acts. In that case, there were no creditors of the mortgagor. Here, Cyclone is a creditor of the mortgagor, as well as a creditor of the bankrupt. In

coe Moss Company v. Duncan, 336 F.2d 670, 9 Cir., 1964.

Sections 2957 and 2965 of the California Civil Code were repealed, Stats.1963, Chapter 819, Section 2, effective January 1, 1965.

2. Section 70(c) of the Bankruptcy Act, 11 U.S.C. § 110(c), in pertinent part, provides:

"* * * The trustee, as to all property, * * * upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133; Chapman v. England, 231 F.

2d 606, 9 Cir., 1956; Miller v. Sulmeyer, 263 F.2d 513, 9 Cir., 1959; Mallagh v. Bank of America Nat. Trust & Sav. Assoc., 300 F.2d 679, 9 Cir., 1962; Pacific Finance Corporation v. Edwards, 304 F.2d 224, 9 Cir., 1962; Roscoe Moss Company v. Duncan, 336 F.2d 670, 9 Cir., 1964.

3. Section 70(e) of the Bankruptcy Act, 11 U.S.C. § 110(e), in pertinent part, provides:

"A * * * obligation incurred by a debtor adjudged a bankrupt * * * which, under any * * * State law * * * is * * * voidable for any * * * reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor"

*Talcott*, all creditors of the mortgagor released the mortgagor and agreed to look to the assignee of the mortgagor. Here, Cyclone never released the mortgagor, but the transferee of the mortgagor, the bankrupt here, assumed the debt to Cyclone. *Talcott* is distinguishable.

Cyclone wears two hats. It is a creditor of both the mortgagor and the bankrupt. The trustee succeeds to all of the rights, remedies and powers of Cyclone. The trustee, too, may wear two hats.

The order of the District Court affirming the order of the Referee in Bankruptcy is affirmed.