**In re Audrey SANFORD, Debtor.**

**No. C–80–2312–MHP.**

United States District Court,
N. D. California.

Jan. 13, 1981.

D. Anson Reinhart, Oakland, Cal., for appellee.

Milton M. Newmark, Lafayette, Cal., for appellant/trustee.

### OPINION

PATEL, District Judge.

The trustee in bankruptcy appeals from an order of the bankruptcy judge granting the debtor's claim of exemption in residential real property. At issue is a recently enacted provision of the California Code of Civil Procedure, section 690.31, which provides a means for a homeowner to exempt property from execution or forced sale. As explained below, this new provision is in addition to and different from the longstanding homestead provisions contained in California Civil Code § 1237 et seq. California Code of Civil Procedure § 690.31 is referred to herein as the residential execution exemption and California Civil Code § 1237 as the homestead exemption or homesteading.

On January 10, 1980, the debtor filed her voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. She elected to claim exemptions under the law of the State of California as provided by 11 U.S.C. § 522. Among the property claimed as exempt was residential real property valued at $23,016. The exemption was taken under section 690.31 of the California Code of Civil Procedure.

A negative report of exempt property was made by the trustee objecting to the claim of exemption on the grounds that no declaration of homestead had been executed or recorded by or for the benefit of the debtor. The trustee does not dispute the qualification of the property as the dwelling house of the debtor or her domicile status to assert exemptions under California law.

The debtor filed an objection to the trustee's negative report claiming that Cal.Civ. Proc.Code § 690.31 exempts her dwelling without regard to the filing of a declaration of homestead. Her claim was upheld by the bankruptcy judge and the trustee's negative report was overruled.

It is from that order that the trustee appeals, contending that Cal.Civ.Proc.Code § 690.31 protects only the debtor's occupancy of the dwelling and not her title and that, therefore, the title passes to the trustee in bankruptcy.

The history of allowance of exemptions under the Bankruptcy Act and the successor Code need not be recited. The statutes have long recognized the debtor's right to elect to exempt property under federal or appropriate state law (11 U.S.C. § 522(a) and its predecessor section 6, Bankruptcy Act of 1898, as amended). Often the exemptions under state law are more liberal than the ones permitted by the Bankruptcy Code. An exemption of the debtor's residence up to a certain value is one of those provided for under state and federal law. In California, the state of this debtor's domicile, the allowable exemption at the relevant time here was $30,000, substantially more generous than the equivalent federal provisions. The allowable exemption is the same whether taken under Cal.Civ.Code § 1237 or Cal.Civ.Proc.Code § 690.31.

The controversy here centers upon two distinct but similar provisions of California law protecting residential property from execution or forced sale. One is the homestead provision contained in Cal.Civ.Code § 1237 et seq., enacted in 1872. The other is a recently created exemption contained in Cal.Civ.Proc.Code § 690.235, effective July 1, 1975, and superceded by Cal.Civ.Proc. Code § 690.31, effective July 1, 1977.

The earlier homestead provisions contained in the California Civil Code allow for protection from execution by certain creditors *provided* specific procedural requirements are met. These include the execution, acknowledgement and recording of a declaration of homestead in the form specified by statute. The debtor in this case did not make such a declaration and does not assert a right to exemption under Cal.Civ. Code § 1237 et seq. Rather she claims exemption under the more recent enactment. Under that enactment (Cal.Civ.Proc. Code § 690.31), no prior declaration or recordation is necessary. In fact the benefits of section 690.31 can be asserted only where no homestead declaration has been filed to protect the property. Section 690.31 provides in pertinent part as follows:

> A dwelling house in which the debtor or the family of the debtor actually resides shall be exempt from execution, to the same extent and in the same amount, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code.

As a result, "every dwelling house in the State of California in which the debtor or the debtor's family actually resides is exempt from execution by any creditor unless that creditor would have been entitled to execute his judgment against the property even if it had been properly homesteaded at the time the judgment became a lien." 3 H. Miller & M. Starr, Current Law of California Real Estate § 16:49, at 85 (rev. 1977). The purpose of the new section was to

provide for the exemption from execution of every dwelling "in which [the] debtor or family of [the] debtor actually resides to the same extent and, in the same amount as debtor or spouse of debtor could select as homestead." Legislative Counsel's Digest, 1974 Cal.Stats. Ch. 1251 at 206.

Despite the Legislature's specific qualification that the exemption is to the same extent and in the same amount as allowed by the homestead provisions, the trustee urges that in bankruptcy proceedings the section 690.31 exemption affords different and less protection than homesteading. Specifically, she claims that it protects only possession and not title. In support of her position the trustee relies solely on *In re Campbell*, 5 Bankr.Ct.Dec. 6 (S.D.Cal. Bankr.Ct.1978). *Campbell* distinguished the homestead provisions from the residential execution exemption. In doing so, it characterized the nature of the trustee's rights and powers under section 70(c) of the Bankruptcy Act and construed section 690.31 in light of another section of the California Code of Civil Procedure, Cal.Civ.Proc.Code § 674(c).

Under section 70(a) of the Bankruptcy Act the trustee was "vested by operation of law with the title of the bankrupt." Upon qualification of the trustee, with certain exceptions, the trustee was deemed to have taken "absolute title" including the right to possession. 4A Collier On Bankruptcy ¶ 70.04 at 50 (14th ed. 1978). However, the trustee stood not merely in the shoes of the bankrupt but, as a result of the "strong-arm clause" of section 70(c), was given certain rights and powers with respect to the bankrupt's estate including the power of

a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of

the bankrupt, upon a simple contract could have obtained such a lien, whether or not such a creditor exists.

Former 11 U.S.C. § 110(c)(3) (repealed 1978).

The bankruptcy court in *Campbell* concluded that this provision gave the trustee a legal lien on the property as of the date of the petition in bankruptcy and that no homestead declaration being on file at that time, the provisions of sections 690.31 and 674(c) of the California Code of Civil Procedure control.

Quoting section 674(c), the court found that the trustee's lien attached despite the provisions of section 690.31 and that title was conveyed to the trustee under section 70(a) of the Bankruptcy Act, although possession by the debtor was protected under the procedure afforded by section 690.31.[1]

This conclusion carves out a peculiar reservation to the debtor. Apparently it is not an "exemption," because under section 70(a) title to exempt property does not pass to the trustee. Nor is it strictly nonexempt property, for under this interpretation the trustee acquires title but not possessory interest.

By the interweaving of the reading of the Code of Civil Procedure sections, the *Campbell* court gave the trustee power as a judicial lienholder not only to set aside unrecorded liens or to attack particular encumbrances or transfers, but also to defeat a state-created exemption. It did this by finding that the meaning of section 674(c) was that the lien attaches despite the protective provisions. Then, as a result of that attachment, the trustee catapulted to her position of holding title.

The parties appear before the court with the benefit of the new Bankruptcy Code and recent state court analysis of the "residential exemption" of section 690.31.

---

1. Section 674(c) of the California Code of Civil Procedure provides as follows:

    With respect to real property containing a dwelling house judicially determined to be exempt from levy of execution pursuant to the provisions of Section 690.31, as distinguished from property subject to a declared

    homestead created pursuant to Title 5 (commencing with 1237) of Part 4 of Div. 2 of the Civil Code, a judgment lien created pursuant to subdivision (a) of this section shall attach to such real property notwithstanding the exemption provided by Section 690.31.

Whether the *Campbell* court came to the correct conclusion under the Bankruptcy Act is a question that need not be reached. This court is compelled to reach a different result under the present Code and this court's reading of the provisions of the California Code of Civil Procedure.

The Bankruptcy Code of 1978 does away with the concept of vesting title to the debtor's property in the trustee. It creates and defines an estate and sets forth the powers and rights of the trustee in that estate (11 U.S.C. §§ 541, 544). The powers conferred "are those which the state law would allow to a supposed or hypothetical creditor of the debtor who, as of the commencement of the case, had completed the legal (or equitable) processes for perfection of a lien upon all the property available for the satisfaction of his claim against the debtor." 4 Collier On Bankruptcy ¶ 544.02 at 544–5 to 544–6 (15th ed. 1980) (fns. omitted).

The trustee's status as a lien creditor is defined by section 544 as giving him the rights and powers of "a creditor of the debtor who upon a simple contract could have obtained a judicial lien on all property of the debtor, or who has obtained an execution against the debtor which is returned unsatisfied, or of a hypothetical bona fide purchaser of real property from the debtor, which pass to the trustee in section 544(a); not just any type of judicial lien creditor, or specially favored creditor." *Id.* ¶ 544.02 at 544–10.

■ Whether under the former Act or the new Code, it is clear the extent of the trustee's rights and powers are to be measured by state law. The state law with respect to property homesteaded under the California Civil Code is clear. The trustee in bankruptcy stands junior to a prior declared and recorded homestead.

■ The law with respect to property affected by section 690.31 of the Code of Civil Procedure is less settled. However, from the legislative history, a plain reading of the section together with section 674(a),[2] and recent California case law, the purpose is clear.

That purpose is to protect every homeowner's dwelling to the same extent as the homestead provisions without regard to the formalities of filing and recordation required by the homestead provisions. The section is intended to provide the same exemption and protection against the same creditors and lienholders as was given to those who homesteaded their property. Secured debts which are excepted from the homestead protection are also excepted from exemption under section 690.31.

The procedure by which this new exemption is asserted, however, does not require filing or any prior act by the debtor. Section 690.31 places the burden on the judgment creditor seeking to enforce a judgment against a dwelling house to petition the court for issuance of a writ of execution. The petition must state that the dwelling is not exempt from execution either within the meaning of section 690.31 or within the meaning of the homestead provisions, that a search has been made and does not reveal a declared homestead and that the value of the dwelling over and above all liens and encumbrances exceeds the amount of allowable exemption. If the creditor has made the necessary allegations of non-exemption the debtor has the burden of establishing the exempt status. The court then determines whether the dwelling is exempt under section 690.31 and, if so, the excess, if

---

**2.** Section 674(a) of the Code of Civil Procedure provides in pertinent part as follows:

"An abstract of the judgment or decree of any court of this state, including a judgment entered pursuant to Chapter 1 (commencing with Section 1710.10) of Title II of Part 3, or a judgment of any court sitting as a small claims court, or any court of record of the United States, the enforcement of which has not been stayed on appeal or pursuant to

Section 1710.50, certified by the clerk, judge or justice of the court where such judgment or decree was rendered, may be recorded with the recorder of any county and from such recording the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time, or which he may afterward and before the lien expires, acquire."

any, against which the judgment creditor is entitled to execute.

This procedure is not totally alien to state homesteading or exemption laws. While most states require some type of recordation in order to effect the exemption, the time of recordation in order to preserve exempt status varies. Some states, including California under the homestead provision, recognize the exemption only against subsequently recorded judicial liens (in addition to other specific exemptions). Others recognize the exemption even when declared after the recordation of an abstract of judgment but before enforcement of the judgment by execution. Still others permit the exemption to be asserted at any time prior to actual execution sale. *See* 4A Thompson on Real Property, § 1944 at 244–45 (1979 ed.); 2A Powell on Real Property, ¶ 263[2] at 406.10–.11 (1977).

The Supreme Court, adhering to the long-established principle that "a homestead is exempt [under the Bankruptcy Act] if, under the state law, it would be held to be exempt" *Myers v. Matley*, 318 U.S. 622, 625, 63 S.Ct. 780, 782, 87 L.Ed. 1043 (1943), upheld an exemption claimed under Nevada statutes. The Nevada law required the filing of a declaration of homestead but allowed it to be recorded at any time before actual sale under execution. Thus, at the time of filing the petition in bankruptcy the debtor had the right to file for a homestead exemption and could preserve the exemption by recording. The court found that the trustee in bankruptcy had no greater right than a creditor who could be prevented from execution sale by recording of the homestead before the actual sale. In distinguishing its earlier decision in *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924), the court noted that "federal courts have generally so held . . . where the state law was similar, in terms or in effect, to that of Nevada." *Id.* 318 U.S. at 628, 63 S.Ct. at 784. *See also Matter of Brissette*, 561 F.2d 779, 783–87 (9th Cir. 1977).

■ So too, this court must give effect to the meaning and intent of California's exemption laws. In order to accomplish this it is necessary to look at section 674(a) and (c). It is clear from a reading of these subsections together with section 690.31 that a recorded judgment becomes a lien upon all real property "not exempt from execution." Cal.Civ.Proc.Code § 674(a). The judgment lienholder may not proceed against a dwelling house in which the debtor has established entitlement to an exemption under section 690.31 although his or her lien attaches to the real property upon which the dwelling house rests and to any excess over the exemption.

*Krause v. Superior Court*, 78 Cal.App.3d 499, 144 Cal.Rptr. 194 (1978), relied on in *Campbell, supra*, is not in conflict with this interpretation. The ruling in *Krause* focused on whether a homeowner who had filed a homestead declaration could avail himself of the execution exemption provisions. The *Krause* court held he could not, but in so doing noted a difference between the two statutory methods. The distinction it cited was that a recorded abstract of judgment creates a lien for the purposes of the execution exemption but not for homestead purposes.

Even so, as pointed out above, the lien thereby created does not confer any greater right on the trustee in bankruptcy than a judicial lienholder has on the date of filing the petition. *United California Bank v. England*, 371 F.2d 669 (9th Cir. 1966).

■ This conclusion comports with the intent of the legislature and California state court decisions. The Court of Appeals in *San Diego White Truck Company v. Swift*, 96 Cal.App.3d 88, 157 Cal.Rptr. 745 (1979), interpreted the execution exemption liberally, finding that "the Legislature was quite obviously concerned with the large number of homeowners who were not receiving the benefits of the homestead [as provided by the California Constitution and Cal.Civ.Code § 1240] because of their ignorance of the law or their failure to satisfy the technical requirements for declaring a homestead." *Id.* at 92, 157 Cal.Rptr. 745. In so holding, the court adopted "the broadest application of section 690.31 . . . to accomplish its benevolent purpose, for to hold

otherwise would be to perpetuate the fortuitous benefits of the homestead laws to only those filing declarations and depriving those benefits to others similarly situated who, through inadvertence or otherwise, have failed to comply with the statute." *Id.* at 94, 157 Cal.Rptr. 745. The interpretation urged by the trustee in bankruptcy here has the effect of defeating that legislative intent and the liberal construction to be given bankruptcy exemptions. Where there are ambiguities in the state law they are to be resolved in favor of the bankrupt unless to do so would do violence to the purpose of the state statutory scheme. *See generally Turner v. Bovee*, 92 F.2d 791 (9th Cir. 1937); *Levin v. Mauro*, 425 F.Supp. 205 (D.Mass.1977).

The bankruptcy court correctly upheld the exemption and for the foregoing reasons its Order is affirmed.

AND IT IS SO ORDERED.