### In re Richard A. BOUCHARD, Debtor.

### Bankruptcy No. 80–01723–P.

United States Bankruptcy Court,
S. D. California.

June 12, 1981.

---

David A. Buchbinder, Trustee, pro se.
John M. Ross, San Francisco, Cal., for debtor.

## MEMORANDUM OF DECISION

ROSS M. PYLE, Bankruptcy Judge.

The Trustee's objections to the Debtor's claim of exemptions came on regularly for hearing on September 12, October 3, October 29, and November 20, 1980 and January 8, 1981. The Court, having considered the testimony, the evidence, both oral and documentary, and the arguments and briefs of counsel, renders its Memorandum of Decision as follows.

### FACTS

The Debtor filed his petition under Chapter 7 of Title 11 of the United States Code on June 27, 1980. In his Statement and Schedules of Affairs, the Debtor has claimed certain residential real property as exempt under Cal.Code Civ.Proc. § 690.31 (West.) (hereinafter "CCP § 690.31"), commonly known as the "dwelling house exemption".

At the time of the filing of his petition, the Debtor was involved in dissolution proceedings with his wife. An interlocutory decree had been entered in that action on March 16, 1980. The Debtor's wife and child resided on the subject property at the time of the filing of the Debtor's petition under Chapter 7 in this Court, and by a previous restraining order in the dissolution action, the Debtor was prohibited from going on the premises except to exercise visitation rights. As part of the division of the community property, the Debtor's wife had executed a Quit-Claim Deed in favor of the Debtor, which was recorded on June 12, 1980. At some date after the filing of the petition in bankruptcy, the Debtor's wife and child joined him in Los Angeles in an attempt at reconciliation, thus vacating the residence which is the subject of the claimed exemption. At the time of the hearing on the Trustee's objections, the subject property was being rented by third parties from the Debtor.

## ARGUMENTS

The Trustee objects to the Debtor's claim of exemption under CCP § 690.31 because at the time of the filing of the petition, the Debtor in fact did not, and, by court order, could not reside on the premises. The Trustee also takes the position that because of the dissolution proceedings the Debtor no longer had a family relationship with his former wife and child. Furthermore, the Trustee contends that even if the family relationship is conceded, the exemption vanished when the Debtor's spouse and child vacated the residence and it was rented to third parties.

The Trustee also contends that, even if a dwelling house exemption is found to exist, he has title to the property and a judicial lien on the premises as a hypothetical lien creditor under 11 U.S.C. § 544(a). In support of this position, he relies on this Court's opinion in *In re Knox*, No. 78–00547–48–P (S.D.Cal. Jan. 31, 1979), and on *In re Campbell*, 5 BCD 6 (S.D.Cal.1978.)

The Debtor argues that since his family resided on the property when his petition

was filed, he is entitled to the CCP § 690.31 dwelling house exemption. Furthermore, even though the Debtor's family has now moved away from the property, the Trustee has not proved an intent by the Debtor or the Debtor's family to permanently cease occupancy of or abandon the premises. It is the Debtor's position that he and his family are merely absent from the residence on business. The Debtor contends that intent to abandon the residence must be shown or this exemption would be like a "water faucet" which is turned on or off, depending upon the Debtor's or the Debtor's family's actual occupancy of the premises.

The Debtor also argues that the Trustee's future interest in executing against the property is so speculative as to be incapable of valuation and should be abandoned. Furthermore, he urges that allowing the Trustee a lien on the property, effective if and when the home is sold and/or the equity exceeds the amount of the exemption, would keep the estate open for too long a time in view of the "fresh start" philosophy of the Bankruptcy Code.

The Debtor further asserts that under 11 U.S.C. § 506 the Trustee has the burden to prove the value of his claimed security interest in the property. Absent such proof, the Trustee's secured position reverts to that of an unsecured creditor. The Debtor's final contention is that the Trustee's status as a judicial lien creditor is avoidable by the Debtor under 11 U.S.C. § 522(f)(1).

## DISCUSSION

### I

CCP § 690.31 provides in pertinent part as follows:

"(a)(1) A dwelling house in which the debtor or the family of the debtor *actually resides* shall be exempt from execution, to the same extent and in the same amount, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code." (Emphasis added.)

The question of whether the Debtor is entitled to the dwelling house exemption set forth above breaks down into two subparts.

One is whether the interlocutory decree in effect at the time the petition was filed ended the family relationship between the Debtor and his spouse so that he did not have a family residing on the premises.

Two is, if the family relationship was not ended, then did the vacation of the residence by the Debtor's family extinguish the exemption.

■ An interlocutory decree is provisional only and merely constitutes a judicial determination that the parties are entitled to a dissolution of their marriage. [Calif. Civ.Code § 4511 (West.)]. The parties are still married [6 Witkin, *Summary of California Law*, 4979 (8th Ed. 1974)], and it is not until final judgment that the parties are restored to the status of single persons. [Cal.Civ.Code § 4514 (West.)].

■ Since an interlocutory decree does not have the effect of dissolving a marriage, it would appear that, until the divorce is final, the parties are still a "family". Therefore, the family of the Debtor was actually residing on the premises when he filed his petition in bankruptcy and he would be entitled to an exemption under CCP § 690.31 to the extent there described.

The Debtor argues that post-petition events are totally irrelevant to the Debtor's claim of exemption which must be determined as of the date of the filing of his petition and, therefore, the subsequent vacation of the premises by the Debtor's spouse would have no effect on the claimed exemption.

Under 11 U.S.C. § 541(a), an estate is created at the time of the filing of the Debtor's petition. Such an estate is comprised of essentially all of Debtor's legal or equitable interest in property at the commencement of the case. Once all the Debtor's interest in such property passes to the estate, the Debtor is then entitled to exempt certain property from the estate under 11 U.S.C. § 522.

The effect of the exemption created under CCP § 690.31 is to prevent a Debtor and/or his family from being evicted from their residence by creditors executing on a judgment. Its plain language exempts a Debtor's residence from execution, it does not, however, do away with judgment liens altogether. Cal.Code Civ.Proc. § 674(c) provides as follows:

> With respect to real property containing a dwelling house judicially determined to be exempt from levy of execution pursuant to the provisions in Section 690.31, as distinguished from property subject to a declared homestead created pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code, a judgment lien created pursuant to subdivision (a) of this section shall attach to such real property notwithstanding the exemption provided for by Section 690.31.

■ 11 U.S.C. § 541 does away with the concept of title to the Debtor's property vesting in the Trustee. *See In re Sanford*, 8 B.R. 761, 764 (N.D.Cal.1981); 4 *Collier on Bankruptcy*, ¶ 541.02[2] (15th Ed. 1980). Therefore, to the extent that the *Campbell, supra,* and *Knox, supra,* decisions were based upon the Trustee's title concept under § 70(a) of the former Bankruptcy Act, they no longer apply. Nevertheless, the Trustee as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1)[1] has a judicial lien on the subject property as of the date the petition was filed.

---

1. Title 11 U.S.C. § 544(a)(1) of the Bankruptcy Code provides as follows:

    "(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;"

■ Unlike the homestead statutes,[2] there is no statutory scheme outlining how a dwelling house exemption is abandoned. The plain language of the exemption statute, however, requires actual occupation of the residence by the Debtor and/or his family. Therefore, it is clear that once a Debtor or his family no longer *actually reside* in the premises as provided in CCP § 690.-31(a)(1), they can no longer claim that exemption. This is consistent with the purpose of the dwelling house exemption which is to protect the Debtor or his family from eviction from the family residence. Once they cease to reside in the residence, this protection becomes unnecessary.

The Debtor cites no law to support his broad assertion that there can be no abandonment of a dwelling house exemption absent a showing of intent to abandon and that occupancy may be constructive as well as actual so long as there is a positive intention to occupy the premises at some time in the future.

■ There was no testimony at the hearings to the effect that the Debtor's job in Los Angeles is merely temporary or that the Debtor and/or his spouse have more than a generalized intent to move back to the residence at some indefinite future time. The Debtor is correct in characterizing this exemption as a "water faucet" whose flow depends upon actual residency in the home. The Debtor at the vacation of the premises has lost his exemption. The Trustee, as a judicial lien creditor, can then proceed to enforce his lien.[3]

The Debtor is fully entitled to choose his exemption according to the laws of the State of California, but such exemption is only co-extensive with that body of law. The property, therefore, is exempted from the estate only to the extent it would be exempt against any judgment lien creditor. The Trustee can force a sale if a Debtor's equity exceeds the authorized exemption amount, a voluntary sale by the Debtor under § 690.31 would be subject to the Trustee's lien, and once the Debtor ceases to qualify for the exemption, the Trustee can enforce the lien rights of 11 U.S.C. § 544(a)(1) through a forced sale.

■ There is nothing in the Bankruptcy Code to indicate that the Trustee's rights as a judicial lien creditor are confined to that point in time when the bankruptcy case commences. That is merely the point in time when such rights are created. The Trustee logically retains that status until there is no longer a trustee in the bankruptcy case, or until the hypothetical judgment lien creditor status would cease to exist under state law.[4]

It should be pointed out that this result is not unfair to the Debtor since the initial choice of exemptions was his own.

California also provides the separate homestead exemption of Cal.Civ.Code §§ 1245 through 1259. [See *Krause v. Superior Court*, 78 Cal.App.3d 499, 144 Cal. Rptr. 194 (1978), *Daylin Medical & Surgical Supply, Inc. v. Thomas*, 69 Cal.App.3d Supp. 37, 138 Cal.Rptr. 878 (Los Angeles Superior Court Appellate Department, 1977), and Pacific Law Journal Volume 9, page 724 *Homestead Legislation in California*, by Charles W. Adams at page 737 *et seq.*, all of which note the distinctness of the two exemption provisions.] Had the Debtor chosen to file a Declaration of Homestead under Cal.Civ.Code § 1237, *et seq.*, before filing his petition in bankruptcy, his exemption would have been governed by that statutory scheme and the Trustee's judicial lien, being later in time, would not attach to the property. *Engelman v. Gordon*, 82 Cal. App.3d 174, 146 Cal.Rptr. 835 (1978); *In re Martin*, 6 B.R. 827, 830 (C.D.Cal.1980).

## II

■ The other arguments of the Debtor are totally without merit. The Court can-

2. See CC § 1243 (West.).

3. It should be noted that the District Court in *In re Sanford*, 8 B.R. 761 (N.D.Cal.1981) allowed an exemption claimed under CCP § 690.-31. However, the facts there presented apparently did not present the question of the ending of the exemption by vacation of the residence.

4. In California, the period is 10 years. [CCP § 675 (West.)].

not by any stretch of the imagination interpret 11 U.S.C. § 522(f)(1) as being applicable to the Trustee's position as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1). Such an interpretation would fly in the face of the rule that a statute should not be construed to reach absurd results. *Holy Trinity Church v. United States*, 143 U.S. 457, 461, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892).

■ The Debtor has cited no authority for his contention that the Trustee under 11 U.S.C. § 506(a) has the burden to prove the value of his judicial lien on the Debtor's residence and, absent such proof, is relegated to the position of an unsecured creditor. This Court agrees that the Trustee is a judicial lien creditor to the extent of the unsecured creditors of the estate. *In re Martin, supra*, at 832.

CONCLUSION

Although the Debtor was entitled to exempt his residence at 857 Sacramento Avenue, Spring Valley, California, under the limited exemption provided by Cal.Code Civ.Proc. § 690.31 at the time of the filing of his petition in bankruptcy, he subsequently lost this exemption when his spouse and family vacated the premises. Therefore, the Trustee is entitled to enforce any and all of his rights under 11 U.S.C. § 544.

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752. The Trustee shall prepare an order consistent herewith within 10 days from the date hereof.