In re Carol Jean MARTIN, Debtor.

Gary MILLER, Appellant,

v.

Carol Jean MARTIN, Appellee.

BAP No. CC–80–1054–KVG.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued Feb. 19, 1981.

Decided April 7, 1982.

Opinion May 28, 1982.

Richard K. Diamond, Danning, Gill, Gould & Joseph, Sherman Oaks, Cal., for appellant.

Andrew F. Leoni, Slate & Leoni, Los Angeles, Cal., for appellee.

Before KATZ, VOLINN and GEORGE, Bankruptcy Judges.

VOLINN, Bankruptcy Judge:

The subject of this appeal is whether the trustee may defeat the debtor's post-bankruptcy claim of dwelling house exemption, or homestead, made pursuant to California Code of Civil Procedure (CCP) § 690.31.[1]

---

1. A dwelling house in which the debtor or the      family of the debtor actually resides shall be

The court below ruled that the debtor's claim of homestead prevailed over that of the trustee. We arrive at the same result.

There are no disputed facts. The debtor had not made a formal claim of homestead on her residence prior to the filing of her bankruptcy petition. However, after bankruptcy, she claimed a homestead pursuant to Civil Code § 1237 et seq., requiring recordation, and an "automatic" homestead pursuant to C.C.P. § 690.31. Thereafter, the debtor stipulated that her exemption rights hinged only on C.C.P. § 690.31. The allowable exemption is $30,000. The property is worth at least $75,000. It is subject to three encumbrances totalling $43,200, leaving an apparent equity of $31,800. Considering expenses of sale, there would presumably be no equity above the homestead.

## I.

The trustee, in the court below, and presently, relies considerably on *In re Campbell*, 5 B.C.D. 6 (S.D.Cal.1978) which was decided prior to the present Bankruptcy Code. That case held that the lien accorded to judgment creditors by C.C.P. § 674(c)[2] coupled with the strong-arm clause of the Bankruptcy Act, § 70(c) (now 11 U.S.C. § 544), and the title provisions of § 70a of the Bankruptcy Act, entitled the debtor to only a possessory interest in the homestead claimed pursuant to C.C.P. § 690.31; that this interest, because of the interplay between §§ 70(c) and 70(a) of the Bankruptcy Act and C.C.P. § 674(c) was pre-empted by the trustee whose claim became superior to that of the debtor.

The court below, making no reference to *Campbell*, held that while C.C.P. § 674 gave judgment creditors a lien ancillary to C.C.P. § 690.31, the strong-arm clause, 11 U.S.C. § 544, could not confer on the trustee any greater rights than those afforded to those creditors under California law since this would defeat the purpose of state homestead legislation, and 11 U.S.C. § 522(b)(2)(A) providing for debtor access to state law exemptions.[3]

The issue before us has been treated recently in *In re Sanford*, 8 B.R. 761, 765 (D.C.N.D.Cal.1981). In that case the trustee relied on *In re Campbell, supra*. In *Sanford*, after some analysis, the court stated that whether the *Campbell* court came to the correct conclusions under the Bankruptcy Act was a question that need not be reached and that a different result was compelled by the Bankruptcy Code and the court's reading of the California Code of Civil Procedure. The court concluded, on similar facts, that the trustee could not pre-empt the homestead.

It is clear that the provisions for the lien of C.C.P. § 674 was not intended to limit or impair the dwelling house exemption created by C.C.P. § 690. The question is, then,

2. Section 674(c) of the California Code of Civil Procedure provides as follows:

exempt from execution *to the same extent and in the same amount*, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead pursuant to Title 5 (commencing with § 1237) of Part 4 of Division 2 of the Civil Code (emph. supp.).

With respect to real property containing a dwelling house judicially determined to be exempt from levy of execution pursuant to the provisions of Section 690.31, as distinguished from property subject to a declared homestead created pursuant to Title 5 (commencing with 1237) of Part 4 of Div. 2 of the Civil Code, a judgment lien created pursuant to subdivision (a) of this section shall attach to such real property notwithstanding the exemption provided by Section 690.31.

3. The trial court not only ruled that the debtor's claim of exemption under C.C.P. § 690.31 over-rode, to the full extent provided thereunder, any claim of trustee, but further held that the lien of C.C.P. § 674(c) nevertheless subsisted after bankruptcy, remaining attached to the property by virtue of 11 U.S.C. § 544. The trustee was held to have been vested with this lien on behalf of the general creditors of the estate. However, this aspect of the court's ruling has not been appealed. The trustee has appealed only the primary issue herein discussed. The debtor has not cross-appealed and has addressed only the issue tendered by the trustee, having, indeed, requested that the court's ruling be affirmed in all respects. We therefore do not treat of, nor rule on this aspect of the court's judgment.

what provision of the Bankruptcy Code transmutes these sections so as to invest debtor's general creditors, through the medium of the trustee, with rights in the debtor's property denied them under state law? Section 541, which places all the debtor's property in the estate, cannot effect any change since § 522(b) requires the trustee to accede to the debtor's claim of exemption "notwithstanding Section 541 of this title". Section 544, the strong-arm clause, giving the trustee the rights of a judgment creditor, cannot impart to the trustee a quality other than what would characterize the rights of a California judgment creditor. Such a creditor is bound by C.C.P. § 690. *In re Sanford, supra, United California Bank v. England*, 371 F.2d 669 (9th Cir. 1966).

The purpose of the Bankruptcy Code, insofar as state exemptions are concerned, is to give the debtor his or her exemptions in the same liberal spirit intended by state constitutions and legislatures which in the first instance provided them. California Constitution, Art. XX, Sec. 1.5; *In re Sanford, supra; Myers v. Matley*, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1942). 11 U.S.C. § 544 cannot be invoked by a trustee to defeat the homestead granted by C.C.P. § 690.31.

KATZ, Bankruptcy Judge (concurring).

I concur with the result reached by the majority; however, I believe that the majority opinion fails to adequately explain the relationship between CCP § 674(c) and 690.31.

Although CCP § 674(c) provides that a judgment creditor's lien attaches to the property notwithstanding the claim of exemption under CCP § 690.31, that lien does not limit or impair the dwelling house exemption. The reason for this is that under CCP § 690.31(j), the CCP § 674(c) lien is subordinated to the claimed exemption on forced sale by the executing judgment lien creditor. The intent of CCP § 690.31 was to protect debtors from being forcibly removed from their homes without any protection such as is available to debtors who have properly recorded homestead declarations.

The trustee in bankruptcy, standing in the shoes of a hypothetical creditor of the debtor under § 544, has no greater, nor lesser, rights than does an actual judicial lien creditor. Therefore, upon the filing of a claim of exemption under § 522(b), the trustee's position is subordinated to the claim of exemption as provided by CCP § 690.31(j). That being so, the court below was correct and should be affirmed.